IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROY CESPEDES,<br><br>Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND<br>ORDER ON PENDING MOTIONS<br><br><br><br><br>Civil Case No. 2:12-CV-323 TS<br><br>Criminal Case No. 2:10-CR-867 TS |

This matter is before the Court on Petitioner's Motion to Reconsider, Motion for Leave to Amend, and Motion to Appoint Counsel. For the reasons discussed below, the Court will deny Petitioner's Motion to Reconsider, dismiss Petitioner's Motion for Leave to Amend, and deny Petitioner's Motion to Appoint Counsel.

## I.  BACKGROUND

On September 22, 2010, Petitioner Roy Cespedes was charged in an Indictment with possession of methamphetamine with the intent to distribute. Petitioner pleaded guilty on November 8, 2010. On April 4, 2011, Petitioner was sentenced to the statutory minimum sentence of 120 months, and Judgment was entered the following day. Petitioner did not pursue direct appeal, but did file a § 2255 motion on April 2, 2012.

Petitioner's § 2255 motion raised three claims: (1) that his conviction could not withstand scrutiny under the Tenth Amendment; (2) that he received ineffective assistance of counsel; and (3) that the statute under which he was convicted was void for vagueness.

On January 13, 2013, the Court denied Petitioner's § 2255 motion.  The Court found that Petitioner's first and third claims were barred by the collateral appeal waiver contained in his plea agreement, and that all of this claims failed on the merits.

In the Motions currently pending before the Court, Petitioner seeks reconsideration of the Court's previous ruling, to amend and supplement his previously filed § 2255 motion, and the appointment of counsel.

## II.  DISCUSSION

### A.    MOTION TO RECONSIDER

The Court first considers Petitioner's Motion to Reconsider.  In that Motion, Petitioner argues that the Court incorrectly determined that the first and third claims of his § 2255 motion fell within the scope of the collateral appeal waiver contained in his plea agreement.

The Tenth Circuit Court of Appeals has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[1]  The Court must first determine whether the motion is a true Rule 60(b) motion or a second or successive petition.[2]  Rule 59(e) motions are subject to the same analysis.[3]

---

[1]*Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006).

[2]*Id.*

[3]*United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006).

> If the district court concludes that the motion is a true Rule [59(e)] motion, it should rule on it as it would any other Rule [59(e)] motion.  If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . .[4]

A Rule 59(e) "motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[5]

> Conversely, it is a "true" [59(e)] motion if it either (1) challenged only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[6]

Under this analysis, the Court finds that Petitioner's Motion to Reconsider is a true motion to reconsider.  As stated, Petitioner argues that the Court incorrectly construed the scope of the collateral appeal waiver in his plea agreement.  Had the Court found that Petitioner's first and third claims fell outside the scope of the collateral appeal waiver, as Petitioner argues it should have, the Court would have addressed those claims on the merits.  Therefore, the Court will consider Petitioner's Motion as a true Rule 59(e) motion.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[7]  "Thus, a motion for reconsideration is appropriate where the

---

[4]*Spitznas*, 464 F.3d at 1217.

[5]*Id*. at 1215.

[6]*Id*. at 1215-16.

[7]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

3

court has misapprehended the facts, a party's position, or the controlling law."[8]  "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[9]

In this case, Petitioner argues that the Court misapprehended his position concerning the collateral appeal waiver.  As was stated by the Court in its previous order, Petitioner signed a collateral appeal waiver that waived his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[10]

Petitioner argues that his first and third claims did not challenge his *sentence*, but rather challenged his *conviction*.  As stated, Petitioner's first and third claims asserted that his conviction could not withstand scrutiny under the Tenth Amendment and that the statute under which he was convicted was void for vagueness.  Thus, Petitioner has a legitimate argument that his claims were not covered by the collateral appeal waiver, and the Court erred in finding that they were covered by the waiver.

The Court need not ultimately decide this issue because, in denying Petitioner's § 2255 motion, the Court also rejected these two claims on the merits.[11]  Petitioner's Motion to Reconsider does not address this fact.  Even if Petitioner were to argue that the Court erred in its

---

[8]*Id*.

[9]*Id*.

[10]Case No. 2:10-CR-867 TS, Docket No. 43, at 4.

[11]*See* Docket No. 12, at 5 n.13.

decision that the claims failed, this would likely constitute a second or successive § 2255 motion over which the Court would not have jurisdiction.[12]  Therefore, the Court must deny Petitioner's Motion to Reconsider.

Petitioner's Motion to Reconsider not only seeks reconsideration of the Court's prior order, but also raises a number of claims of ineffective assistance of counsel.  These claims are also addressed in Petitioner's Motion for Leave to Amend and the affidavit submitted in connection with both Motions.  Because these claims are better addressed in conjunction with Petitioner's Motion for Leave to Amend, the Court will discuss them below.

B.     MOTION FOR LEAVE TO AMEND

Petitioner brings a Motion for Leave to Amend.  In that Motion, as well as the affidavit in support of both his Motion to Reconsider and Motion for Leave to Amend, Petitioner raises various claims of ineffective assistance of counsel.

The Tenth Circuit has held that "[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)."[13]  In the context of § 2255, it is appropriate to treat Petitioner's Motion for Leave to Amend "as a combination of a motion to set aside judgment under [Rule 59(e)] . . . and a motion to then amend under Rule 15."[14]

---

[12]*In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization.").

[13]*The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (internal quotation marks omitted).

[14]*United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

The Court has set out the analysis for considering a Rule 59(e) motion above.  Under that analysis, the Court finds that Petitioner's Motion for Leave to Amend is properly construed as a second or successive § 2255 petition.  For example, Petitioner's Motion and related documentation assert claims of ineffective assistance that were not contained in his original § 2255 motion.  Thus, Petitioner appears to assert or reassert a federal basis for relief from his underlying conviction.

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[15]  "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[16]  However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[17]

The Tenth Circuit has provided several factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum,
> whether the claims are likely to have merit, and whether the claims were filed in

---

[15]*In re Cline*, 531 F.3d at 1250.

[16]*Id*. at 1251.

[17]*See* 28 U.S.C. § 1631.

good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[18]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion for Leave to Amend.  As a result, the Court will dismiss that Motion for lack of jurisdiction.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Reconsider (Docket No. 15) is DENIED.  It is further

ORDERED that Petitioner's Motion for Leave to Amend (Docket No. 16) is DISMISSED for lack of jurisdiction.  It is further

ORDERED that Petitioner's Motion to Appoint Counsel (Docket Nos. 14) is DENIED as moot.

DATED   March 22, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[18]*In re Cline*, 531 F.3d at 1251.